UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGNITIM, INC., a California corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>OBAYASHI CORPORATION, a Japanese corporation; TOSHINORI IWAMOTO; SAVIO FERNANDES,<br><br>            Defendants. | No. C-05-3747 SC<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Cognitim, Inc. ("Plaintiff" or "Cognitim") brought this action in the Superior Court for the County of San Francisco, California against the Obayashi Corporation ("Obayashi"), Toshinori Iwamoto ("Iwamoto"), and Savio Fernandes ("Fernandes"), (collectively "Defendants"), alleging, inter alia, fraud and interference with economic expectation.  Plaintiff's Complaint at 3-8 ("Compl.").

Presently before the Court is Defendants' motion to dismiss Plaintiff's six causes of action pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) or to order Plaintiff to file a more definite statement under FRCP 12(e).  Defendants' Memorandum in Support of Motion to Dismiss at 6 ("Defs.' Mem.").  The Court,

having reviewed the parties' submissions, hereby DENIES Defendants' motion to dismiss Plaintiff's first, second, third, and sixth claims. The Court GRANTS Defendant's motion as to Plaintiff's fourth and fifth claims. The Court DISMISSES Plaintiff's fourth and fifth claims and GRANTS Plaintiff thirty days' leave to amend its Complaint as to its fourth and fifth claims.

**II.   BACKGROUND**

The following allegations are taken from Plaintiff's Complaint and will be assumed as true for purposes of the present motion.

Obayashi contracted with Plaintiff, a computer technical support firm, to perform computer networking tasks.[1] Compl. at 2, 3. Plaintiff assigned its employee, Fernandes, to perform these tasks for Obayashi. Id. While there, Fernandes "habitually and systematically under-reported" to Cognitim the hours he worked at Obayashi. Id.

Iwamoto, an employee of Obayashi, told Vipin Suneja ("Suneja"), president of Cognitim, that Obayashi wanted to hire Fernandes. Id. Suneja agreed, provided that Obayashi would pay the conversion fee for taking Fernandes.[2] Id. Iwamoto said that

---

[1] Neither party has stated what sort of business Obayashi engages in.

[2] A conversion fee is, apparently, a courtesy amount one business pays to another in order to compensate the other company for the costs it paid to obtain the services of a non-U.S. citizen employee. Compl. at 2.
Fernandes is a citizen of India. Id. at 1. Cognitim

2

1  Obayashi did not want to pay the conversion fee and that it would
2  not hire Fernandes directly.  Id.

3  DirectApps, an entity not a party to this action, wanted to
4  hire Cognitim but wanted to interview Fernandes, as the primary
5  Cognitim employee on the proposed project, before agreeing to hire
6  Cognitim.  Compl. at 2-3.  After the interview, DirectApps told
7  Obayashi that it would not hire Cognitim.  Id. at 3.  A week after
8  that, Fernandes quit his job at Cognitim and told Suneja that he
9  was taking a job in Dallas.  Id.  The following week, Suneja
10 learned that Fernandes had "bombed the interview" with DirectApps
11 causing DirectApps not to hire Cognitim.  Id.  Some time after
12 this, Cognitim learned that Fernandes had taken a position with
13 Obayashi.  Id.

14 Plaintiff brought an action in the Superior Court for the
15 County of San Francisco, California alleging that Defendants
16 (1) committed fraud, (2) conspired to commit fraud, (3) breached
17 the implied covenant of good faith and fair dealing,
18 (4) intentionally interfered with a prospective economic
19 advantage, (5) negligently interfered with a prospective economic
20 advantage, and (6) breached an implied contract.  Id. at 3-8.
21 Defendants timely removed the action to Federal Court, alleging
22 that complete diversity existed between Plaintiff and Defendants.
23 Notice of Removal at 1-2.

24 In the present motion, Defendants contend that the six claims

---

sponsored Fernandes for purposes of obtaining a H-1B visa for him, posted the bond for his visa, and paid for his relocation fees. Id. at 2.

3

should be dismissed under FRCP 12(b)(6). Defs.' Mem. at 6. In the alternative, Defendants move the Court to order Plaintiff to file a more definite statement under FRCP 12(e) because the "claims are confusingly written and fail to identify which defendant is the target of which claim." Id. at 2.

### III.  LEGAL STANDARD

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "In reviewing a 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a); see also La Salvia v. United Dairymen, 804 F.2d 1113, 1116 (9th Cir. 1986). Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

In diversity cases, state law determines whether claims exist and what defenses are recognized. See Taylor v. United States, 821 F.2d 1428, 1433 (9th Cir. 1987). The Federal Rules, however, govern the manner in which these claims and defenses are raised.

4

5 Wright & Miller, <u>Federal Practice and Procedure</u>, § 1204.

The Federal Rules provide for notice pleading.  <u>See</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47-48 (1957).  This means that (a) the pleadings need not set out in detail the alleged facts constituting the claim for relief or defense, unless heightened pleading standards are required and (b) the pleadings need give, through a short and plain statement, only fair notice of the pleader's claim or defense so that opposing parties can respond, undertake discovery, and prepare for trial.  <u>Id</u>.

**IV.  DISCUSSION**

A.  <u>First Claim:  Fraud</u>

Defendants contend that Plaintiff has failed to meet the heightened pleading requirements for fraud under FRCP 9(b).  Defs.' Mem. at 7.

Plaintiff alleges that Fernandez "under-reported" to Cognitim the hours he worked at Obayashi.  Compl. at 2.

In all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated "with particularity."  FRCP 9(b).  Plaintiffs must put forth the "who, what, where, and when of the alleged fraud" in order to "assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate."  <u>Ackerman v. Northwestern Mutual Life Insurance Company</u>, 172 F.3d 467, 469 (7th Cir. 1999).  FRCP 9(b)'s particularity requirement is in place so that the "defendant can prepare an adequate answer from the allegations," <u>Moore v. Kayport Package Express, Inc.</u>, 885 F.2d 531, 540 (9th

5

1  Cir. 1989), and "not just deny that they have done anything
2  wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985).
3     Fraud, under California law, consists of the following
4  elements:  (1) misrepresentation; (2) scienter; (3) intent to
5  induce reliance; (4) justifiable reliance on the
6  misrepresentation; and (5) damage caused by reliance on the
7  misrepresentation.  Witkin, Summary of California Law (10th ed.
8  2005), Volume 5, Torts, § 772.
9     The Court finds that the Plaintiff has put forth with
10 particularity a set of facts sufficient to state a claim of fraud.
11 Specifically, Plaintiff has stated that Fernandes, during the time
12 he worked for Obayashi and at Obayashi's behest, under-reported to
13 Plaintiff the hours he worked, so that Obayashi could pay
14 Plaintiff less than it should have.  Compl. at 2.  This pleading
15 gives Defendants fair notice of the nature of the claim.
16    The Court denies Defendants' motion to dismiss the first
17 claim.
18    The following section discusses Defendants' contention that
19 Plaintiff's first claim does not make it clear against whom the
20 allegations are directed.
21
22    B.  Second Claim:  Conspiracy to Defraud
23    Defendants contend that there is no cause of action for
24 conspiracy to defraud under California law.  Defs.' Mem. at 9.
25 Defendants also contend that Plaintiff's second claim simply
26 duplicates the first claim.  Id.
27    Defendants are right and wrong.  "[T]here is no civil action
28
                                     6

for conspiracy to commit a recognized tort unless the wrongful act itself is committed and damage results from that act." Witkin, Summary of California Law (10th ed. 2005), Volume 5, Torts, § 45. "Hence, where the complaint charges a conspiracy and the commission of a wrongful act, the only significance of the conspiracy charge is that each member may be held responsible as a joint tortfeasor, regardless of whether that member directly participated in the act." Id.

The Court finds that Plaintiff has properly pled a charge of conspiracy. Specifically, Plaintiff has alleged, in his first claim, a claim of fraud. Then, by bringing a charge of conspiracy, Plaintiff claims that each defendant should be held responsible as joint tortfeasors for the fraud. This pleading gives Defendants fair notice of the nature of the claim.

The Court therefore denies Defendants' motion to dismiss Plaintiff's second claim.

C. Third Claim: Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants contend that Plaintiff has failed to "allege or identify any contract language or operative transactional facts from which the Court can infer an implied covenant." Defs.' Mem. at 10. More specifically, Defendant asserts that when parties rely on a written contract, the exact terms of that contract must be given in order to demonstrate a breach of the covenant. Id.

Plaintiff contends that Fernandes breached the covenant by falsely representing his continued employment with Cognitim and

7

that Obayashi breached the covenant by misrepresenting its intentions in regard to Cognitim and Fernandes. Compl. at 5-6.

Defendants' contentions are without merit. First, Plaintiff does not contend that there were written contracts. Under California law, contracts can be express or implied, the difference between the two being only the manifestation of assent. See Witkin, Summary of California Law (10th ed. 2005), Volume 1, Contracts, § 102.

The Court finds that Plaintiff has adequately pled a set of facts to support a claim for breach of the covenant of good faith and fair dealing by declaring that Fernandes and Obayashi breached contracts each had with Plaintiff. This pleading gives Defendants fair notice of the nature of the claim.

As to Plaintiff's third claim, the Court denies Defendants' motion to dismiss.

D. Fourth Claim: Intentional Interference with Prospective Economic Advantage

Plaintiff contends that despite Obayashi's assurances, it intended to have Fernandes work for Obayashi immediately, without the payment of the conversion fee. Compl. at 6. As part of this conspiracy, Plaintiff contends, Fernandes "sabotaged his interview with DirectApps" which caused DirectApps not to hire Cognitim for the networking contract, even though DirectApps "was already an existing client of Cognitim." Id. Plaintiff also alleges that as part of this interference "defendants falsely represented to Cognitim that Cognitim's services were no longer needed and that

8

Fernandes was quitting to go to work for another firm in Dallas, Texas." Id.

Defendants contend that Plaintiff's "theory makes no sense, because even if Mr. Fernandes did well at the interview, there was nothing to stop Mr. Fernandes from quitting and going to work for Obayashi." Defs.' Mem. at 11.

One element of the tort is "[c]onduct that was wrongful by some legal measure other than the fact of the interference itself."[3] Witkin, Summary of California Law (10th ed. 2005), Volume 5, Torts, § 742. Examples of these wrongful acts are bribery or offering sexual favors. Id. at § 744.

Plaintiff has not alleged to the Court's satisfaction any facts demonstrating that Defendants' interference was in itself wrongful by some legal measure other than the fact of the interference itself.[4] Without alleging such facts, it is not legally feasible for the Plaintiff to bring this claim.

The Court grants Defendants' motion as to the fourth claim. The Court therefore dismisses the fourth claim and grants Plaintiff thirty days' leave to amend its Complaint as to this claim.

---

[3] The other elements are (a) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (b) the defendant's knowledge of the relationship; (c) intentional acts by the defendant designed to disrupt the relationship; (d) actual disruption of the relationship; and (e) economic harm to the plaintiff proximately caused the acts of the defendant. Witkin, Summary of California Law (10th ed. 2005), Volume 5, Torts § 742.

[4] Plaintiff has not demonstrated to the Court's satisfaction that the failure to pay the conversion fee is a legally wrongful act.

E.  <u>Fifth Claim:  Negligent Interference with Prospective Economic Advantage</u>

Plaintiff puts forth the same allegations in his fifth claim as he put forth in his fourth claim.  Compl. at 7.

As with the former tort, a plaintiff must plead and prove that defendant's conduct, other than the interference itself, was wrongful.  Witkin, <u>Summary of California Law</u> (10th ed. 2005), Volume 5, Torts, § 742.

Plaintiff has not alleged to the Court's satisfaction any facts that Defendants' interference was wrongful in some legal measure other than the fact of the interference itself.[5]  Without such allegations of fact, it is not legally feasible for the Plaintiff to bring this claim.

The Court grants Defendants' motion as to the fifth claim.  The Court therefore dismisses the fifth claim and grants Plaintiff thirty days' leave to amend its Complaint as to this claim.

F.  <u>Sixth Claim:  Breach of Implied Contract</u>

Plaintiff contends that Fernandes, by quitting his job at Cognitim and accepting a position at Obayashi, breached his implied contract with Cognitim, which required him to work for Plaintiff long enough to compensate it for paying for his visa.  Compl. at 7-8.

Defendants contend that Plaintiff "already alleged [that] these terms were the subject of an express contract" as stated in

---

[5] Plaintiff has not demonstrated to the Court's satisfaction that the failure to pay the conversion fee is a legally sufficient wrongful act.

10

Paragraph 6 of Plaintiff's Complaint.  Defs.' Mem. at 15-16. Specifically, Defendants contend that because an express contract and an implied contract - both embracing the same subject matter at the same time - cannot exist, this claim should be dismissed. Id. at 16.

Paragraph 6 states that Fernandes "agreed to work for Cognitim for a sufficient period of time to allow Cognitim to recoup its costs of sponsoring Fernandes for [the] visa." Compl. at 2.

The Court does not agree with Defendants' contentions.  A party, subject to the requirements of Rule 11, may set forth inconsistent theories and inconsistent factual allegations. See FRCP 8(e)(2); Henry v. Daytop Village, Inc., 42 F.3d 89, 95 (2d Cir. 1994).

The Court therefore denies Defendants' motion to dismiss Plaintiff's sixth claim.

//
//
//
//
//
//
//
//
//
//
//

11

## V. CONCLUSION

The Court finds that Plaintiff's first, second, third, and sixth claims are sufficiently pled. The Court further finds that Plaintiff's fourth and fifth claims do not allege facts sufficient to sustain them.

For the reasons discussed above, the Court hereby DENIES Defendants' motion to dismiss Plaintiff's first, second, third, and sixth claims. The Court hereby GRANTS Defendants' motion as to Plaintiff's fourth and fifth claims. The Court hereby DISMISSES Plaintiff's fourth and fifth claims and GRANTS Plaintiff thirty days' leave to amend its Complaint as to these claims. If Plaintiff fails to refile within the thirty-day period, the Court will bar Plaintiff from bringing these claims against Defendants.

IT IS SO ORDERED.

Dated: November 15, 2005

UNITED STATES DISTRICT JUDGE