UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COGNITIM, INC., a California corporation,<br><br>                Plaintiff,<br><br>     v.<br><br>OBAYASHI CORPORATION, a Japanese corporation; TOSHINORI IWAMOTO; SAVIO FERNANDES,<br><br>                Defendants. | No. C-05-3747 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Cognitim, Inc. ("Plaintiff" or "Cognitim") brought this action in the Superior Court for the County of San Francisco, California against the Obayashi Corporation ("Obayashi"), Toshinori Iwamoto ("Iwamoto"), and Savio Fernandes ("Fernandes") (collectively "Defendants"), alleging, inter alia, fraud and interference with prospective economic expectation.

After removal, Defendants moved to dismiss the Complaint. The Court dismissed Plaintiff's fourth and fifth claims and granted leave to amend.  Plaintiff has filed an Amended Complaint, realleging these two claims.

Presently before the Court is Defendants' motion to dismiss Plaintiff's amended fourth and fifth claims pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  The Court, having reviewed the parties' submissions, hereby GRANTS Defendants' motion and DISMISSES Plaintiff's fourth and fifth claims.

## II. BACKGROUND

The following allegations are taken from the Amended Complaint ("Am. Compl.") and will be assumed as true for purposes of the present motion.

Obayashi contracted with Plaintiff, a computer technical support firm, to perform computer networking tasks. Am. Compl. ¶ 7. Plaintiff assigned its employee, Fernandes, to perform these tasks for Obayashi. Id. While there, Fernandes "habitually and systematically under-reported" to Cognitim the hours he worked at Obayashi. Id.

Iwamoto, an employee of Obayashi, told Vipin Suneja ("Suneja"), president of Cognitim, that Obayashi wanted to hire Fernandes. Id. ¶ 8. Suneja agreed, provided that Obayashi would pay the conversion fee for taking Fernandes. Id.[1] Iwamoto said that Obayashi did not want to pay the conversion fee and that it would not hire Fernandes directly. Id.

DirectApps, a business entity not a party to this action, wanted to hire Cognitim but wanted to interview Fernandes, as the primary Cognitim employee on the proposed project, before agreeing to hire Cognitim. Am. Compl. ¶ 10. After the interview, DirectApps informed Suneja that it would not hire Cognitim. Id.

---

[1] A conversion fee is, apparently, a courtesy amount one business pays to another in order to compensate the other for the costs it paid to obtain the services of a non-U.S. citizen employee. Am. Compl. ¶ 6, 8.
   Fernandes is a citizen of India. Id. ¶ 4. Cognitim sponsored Fernandes for purposes of obtaining a H-1B visa for him, posted the bond for his visa, and paid his relocation fees. Id. ¶ 6. The total amount expended to obtain Fernandes's services is his conversion fee. Id.

2

¶ 11. A week after that, Fernandes quit his job at Cognitim and told Suneja that he was taking a job in Dallas. Id. The following week, Suneja learned that Fernandes had "sabotaged the interview" with DirectApps, allegedly causing DirectApps not to hire Cognitim. Id. ¶ 12. Some time after this, Cognitim learned that Fernandes had taken a position with Obayashi. Id. ¶ 13.

As for the parties' actions from that point, the Court will assume that the parties are familiar with the case's procedural history up to the time of the present motion.

In the present motion, Defendants contend that the fourth and fifth claims - intentional and negligent interference with prospective economic expectation - should be dismissed under FRCP 12(b)(6). Defendants' Memorandum in Support of Motion to Dismiss Amended Complaint ("Defs.' Mem.") at 2.

### III.  LEGAL STANDARD

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "In reviewing a 12(b)(6) motion, this Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996); see also Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). The complaint need not set out the facts in detail; what is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a); see also La Salvia v. United Dairymen, 804

F.2d 1113, 1116 (9th Cir. 1986).  Thus, the Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).

**IV. DISCUSSION**

    A.   Fourth Claim:  Intentional Interference with Prospective Economic Advantage

The parties focus their dispute on one element of this tort, specifically "[c]onduct that was wrongful by some legal measure other than the fact of the interference itself."  Witkin, Summary of California Law (10th ed. 2005), Volume 5, Torts, § 742.[2] Examples of these wrongful acts are bribery or offering sexual favors.  Id. at § 744.[3]  The Court, in its previous Order, determined that Plaintiff had not pled facts sufficient to sustain

---

[2] The other elements are (a) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (b) the defendant's knowledge of the relationship; (c) intentional acts by the defendant designed to disrupt the relationship; (d) actual disruption of the relationship; and (e) economic harm to the plaintiff proximately caused the acts of the defendant.  Witkin, Summary of California Law (10th ed. 2005), Volume 5, Torts § 742.

[3] When the defendant interferes with an economic advantage that is merely prospective, and not yet contractual, "there is no inducement to breach a legally protected relationship, so some other element of wrongfulness must be shown."  Rickel et al. v. Schwinn Bicycle Company et al., 144 Cal.App.3d 648, 659 (1983). "The wrongfulness may lie in the method used; for example, a defendant might usurp the prospective advantage by means of fraud, misrepresentation or duress."  Id.  "More commonly, however, the wrong will be found in defendant's motive."  Id.  "The most typical example of an improper motive is seen when a defendant appropriates a commission after arranging to cut out a prior agent or middleman."  Id.  "The wrongfulness of such a defendant's actions is apparent from the allegations of fact, i.e., that plaintiff earned a prospective advantage and defendant knowingly usurped it." Id.

4

this element.[4]

In the Amended Complaint, Plaintiff contends that it properly pled this element by incorporating by reference the claims of fraud, conspiracy to defraud and breach of the covenant of good faith and fair dealing, that is, when Fernandes allegedly under-reported the number of hours he worked at Obayashi and when Obayashi misrepresented its intentions with regard to Fernandes. Plaintiff's Memorandum in Opposition to Motion to Dismiss ("Pl's Mem.") at 2.

Defendants contend that the Amended Complaint "contains no new material allegations." Defs.' Mem. at 6.

Again, Plaintiff has not alleged any facts demonstrating that Defendants' interference was in itself wrongful by some legal measure other than the fact that it was an interference.[5] The alleged fraud and breach, though incorporated by reference, are entirely separate factual situations, wholly unrelated to the facts giving rise to the tort at issue here. Without alleging facts that Fernandes's alleged interference <u>itself</u> - not his other actions - was legally improper, it is not legally feasible for the Plaintiff to bring this claim.

Accordingly, the Court grants Defendants' motion as to the fourth claim.

---

[4] Specifically, the Court determined that, even if true, Obayashi's false assurances and its failure to pay the conversion fee and Fernandes's sabotaging his interview with DirectApps and his false assurances did not constitute wrongful conduct.

[5] Plaintiff has not demonstrated that the failure to pay the conversion fee is a legally wrongful act.

5

    B.   <u>Fifth Claim:  Negligent Interference with Prospective Economic Advantage</u>

Plaintiff puts forth the same allegations in support of his fifth claim as he put forth in support of his fourth claim. Am. Compl. ¶¶ 34-36.

As with the former tort, a plaintiff must plead and prove that defendant's conduct, other than the interference itself, was wrongful.  Witkin, <u>Summary of California Law</u> (10th ed. 2005), Volume 5, Torts, § 742.

As stated above, Plaintiff has not alleged any facts that Defendants' interference was wrongful in some legal measure other than that it was an interference.  Without such allegations of fact, it is not legally feasible for the Plaintiff to bring this claim.  Accordingly, the Court grants Defendants' motion as to the fifth claim.

**V.   CONCLUSION**

The Court finds that Plaintiff's fourth and fifth claims are not sufficiently pled.

The Court GRANTS Defendants' motion as to Plaintiff's fourth and fifth claims.  Accordingly, the Court DISMISSES WITH PREJUDICE the claims of intentional and negligent interference with prospective economic expectation.

IT IS SO ORDERED.

Dated:  February 15, 2006

                                               UNITED STATES DISTRICT JUDGE

6